# IN THE COURT OF APPEALS OF IOWA

No. 24-0583
Filed January 9, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**QUINCY LEE JENNINGS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

A defendant appeals his conviction after pleading guilty to third-degree burglary. **APPEAL DISMISSED.**

Krisanne C. Weimer of Weimer Law, PC, Council Bluffs, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Quincy Jennings pleaded guilty to third-degree burglary, second offense, a class "D" felony. *See* Iowa Code §§ 713.1, 713.6A(2) (2024). He now tries to appeal his conviction, arguing that he was given a "deficient advisory regarding a Motion in Arrest of Judgment and its implications for [his] appellate rights" and thus due process requires a remand to let him file such a motion. But we lack jurisdiction over this attempted appeal following his guilty plea because Jennings's conviction is not "for a class 'A' felony" and Jennings has not "establishe[d] good cause." *Id.* § 814.6(1)(a)(3). Lacking appellate jurisdiction, we thus dismiss this attempted appeal.

Our jurisdiction over appeals by criminal defendants is authorized by Iowa Code section 814.6. *See State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024). Relevant here, "[s]ubsection 814.16(1)(a)(3) sets a general rule that there is no right of appeal from a conviction where the defendant has pled guilty." *Id.* (cleaned up). The subsection "also specifies two exceptions: one for a guilty plea for a class 'A' felony and another for a case where the defendant establishes good cause." *Id.* (cleaned up). Unless one of those two exceptions apply, we are "without jurisdiction to hear the appeal, and we must dismiss the appeal." *Id.* (cleaned up).

Jennings pleaded guilty to a class "D" felony—not a class "A" felony. So we only have appellate jurisdiction if he "establishes good cause." Iowa Code § 814.6(1)(a)(3). The statute does not define good cause. But our supreme court has interpreted it to mean "a legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). What constitutes such a legally sufficient reason is "context specific." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). And "at

minimum," the reason must be one that "would allow a court to provide some relief on direct appeal." *Id.* So when an appellate court cannot provide relief because a defendant requests immediate sentencing and waives the right to file a motion in arrest of judgment after being adequately advised of the waiver's consequences, we lack jurisdiction. *See id.* In contrast, we have jurisdiction "when a defendant challenges a sentence that was neither mandatory nor agreed to." *Hightower*, 8 N.W.3d at 534 (cleaned up).

Jennings argues that good cause exists here—even though he did not file a motion in arrest of judgment—because his written guilty plea "contained a deficient explanation of the effect of a failure to file a motion in arrest of judgment on his appellate rights." Jennings signed a written guilty plea that included the following notice about the failure to file a motion in arrest of judgment:

> I understand that if I wish to challenge this written guilty plea, I must do so by filing a motion in arrest of judgment at least 5 days prior to the court imposing sentence and no later than 45 days from today's date. I understand that if I do not timely file a motion in arrest of judgment, I will not be able to challenge any defects in the plea proceeding. I further understand that I have the right to a 15-day delay between the time the court accepts my guilty plea and the time the court conducts sentencing.

And he checked a box indicating that "I ask the court to sentence me immediately," which also acknowledged, "In doing so, I understand that I am waiving my right to challenge this guilty plea and waive my right to a 15-day delay between the time the court accepts my guilty plea and the time the court conducts sentencing."

These notices do not expressly mention the effect on *appeal* of not filing a motion in arrest of judgment. *See id.* at 536 (reaffirming "that a proper advisory *must* advise the defendant that the failure to challenge the plea by filing the motion

within the time provided prior to sentencing precludes a right to assert the challenge on appeal" (cleaned up)).  Yet Jennings's written plea does contain a separate notice about the effect on his appellate rights: "I understand that by submitting this written guilty plea, I no longer have an absolute right to appeal my conviction.  In order to appeal, I now need to establish good cause."

But even if Jennings is right that the notices in his written plea are defective, that would not mean he has established good cause for an appeal.  It would only mean that his "failure to timely file a motion [in arrest of judgment would] not preclude a plea challenge on appeal." *Id.*  He still needs to show that his attempted appeal asserts a claim that "would allow a court to provide some relief on direct appeal." *Tucker*, 959 N.W.2d at 153.  And we agree with the State that we cannot provide Jennings any relief—regardless of his failure to file a motion in arrest of judgment—because his only claim of error is the deficient advisory about the effect of his failure to file the motion.

"[F]ailure to inform a defendant about a motion in arrest of judgment implicates error-preservation issues; it is not a substantive ground for relief." *State v. Vennink*, No. 20-1629, 2021 WL 3378547, at *2 n.2 (Iowa Ct. App. Aug. 4, 2021); *see also State v. Wiggins*, No. 12-1880, 2014 WL 69528, at *1 (affirming conviction of defendant whose "only challenge [was] to the adequacy of the colloquy to inform him of his right to file a motion in arrest of judgment and the consequences of failing to do so and whether he adequately waived his right" because "there is no ground upon which his plea can be overturned").  Jennings makes no other substantive challenge to the validity of his guilty plea.  He merely seeks a remand

"to allow for an appropriate motion in arrest of judgment to be filed," without offering authority that we could provide that relief.

Because Jennings makes no claim of error that "would allow [us] to provide some relief on direct appeal," he has not established good cause for this attempted appeal after his guilty plea. *Tucker*, 959 N.W.2d at 153. And so, we lack appellate jurisdiction under Iowa Code section 814.16(1)(a)(3).

**APPEAL DISMISSED.**